UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH BROWN,<br><br>                    Plaintiff,<br><br>v.<br><br>NATASHA DENONA MAKE UP LLC and DOES 1 through 10 inclusive<br><br>                    Defendant(s). | Case No. **1:24-cv-02398-CM**<br><br>**DECLARATION OF TARYN R. MURRAY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES** |

The undersigned, Taryn R. Murray, declares as follows:

   1. I am an attorney admitted to practice before the courts of the State of New York and the United States District Court for the Southern District of New York. I am the attorney for the Plaintiff, Sarah Brown, in the above-captioned action. I am over the age of 18 and not a party to the action.

   2. I make this Declaration, based upon personal knowledge, in support of Plaintiff's instant Motion to Compel Supplemental Discovery Responses from Defendant Natasha Denona Makeup LLC ("Defendant" or "NDMU") pursuant to Fed. R. Civ. P. 37(a) and Local Civil Rule 55.1.

   3. This action was commenced pursuant to the rights, remedies, and causes of action provided under the United States Copyright Act, 17 U.S.C § 101 et seq., 17 and other applicable provisions as referenced in the Complaint.

   4. This matter was filed on March 29, 2024. *See* Dkt. #1.

5. On or about June 25, 2024, the Civil Case Management Plan was entered by the Court. *See* Dkt. #18.

6. On Friday, October 22, 2024, Plaintiff served upon Defendant Plaintiff's First Set of Requests for Admission; Plaintiff's First Requests for Production of Documents; and Plaintiff's First Set of Interrogatories (collectively, "Plaintiff's Discovery Requests").

7. In Plaintiff's First Set of Requests for Admission, Request For Admission No. 4 ("RFA No. 4") stated:

> **REQUEST FOR ADMISSION NO. 4:**
> Admit that the FACEBOOK states "Natasha Denona Make UP LLC is responsible for this Page".

8. In Plaintiff's First Set for Requests for Admission RFA No. Request For Admission No. 5 ("RFA No. 5") stated:

> **REQUEST FOR ADMISSION NO. 5:**
> Admit that the FACEBOOK states "This is a person or organization that has completed our verification process and claim responsibility for this Page. Natasha Denona Make Up LLC, New York, NY 10016 United States of America"

9. In the "Definitions" section of Plaintiff's First Set of Requests for Admissions defines "FACEBOOK" as: "FACEBOOK" refers to the Facebook page https://www.facebook.com/NatashaDenonaMakeup.

10. On November 25, 2024, Defendant NDMU furnished Plaintiff with their Responses to Plaintiff's Discovery Requests.

11. In Defendant NDMU's Response to Plaintiff's RFA No. 4., Defendant Responded:

NDMU objects to this Request on the basis that it does not own, operate, or have access to the Facebook account in question. NDMU further objects to this request **on the basis that no documentation of the account was provided to reference the information contained in this request**. Thus, NDMU is unable to admit or deny this request (emphasis added).

12. In Defendant NDMU's Response to Plaintiff's RFA No. 5., Defendant Responded:

NDMU objects to this Request on the basis that it does not own, operate, or have access to the Facebook account in question. NDMU further objects to this request **on the basis that no documentation of the account was provided to reference the information contained in this request.** Thus, NDMU is unable to admit or deny this request (emphasis added).

13. On November 27, 2024, two days after receiving NDMU's Responses to Plaintiff's Discovery Requests, Plaintiff's counsel sent, in writing, corrective information to assist with Defendant's Responses to RFA No. 4 and RFA. No 5. Specifically, Plaintiff provided "documentation" that referenced the information contained in the request, thus providing corrective information to Defendant so they could better answer both RFA 4 and RFA 5.

14. Attached hereto as Exhibit A is a true and correct copy of Plaintiff's Counsel's email to Defendant's counsel, including the Exhibits Plaintiff's counsel sent as "corrective" information to assist with Defendant's supplemental/amended

3
**DECLARATION OF TARYN R. MURRAY**

responses.

15. To date, despite providing corrective information, Defendant has not fulfilled their obligation to supplement their discovery responses despite being on notice of corrective information.

16. In Plaintiff's First Set for Requests for Production of Documents, Request For Admission No. 14 ("RFPD No. 14") stated

> **REQUEST FOR PRODUCTION NO. 14:**
> Any and all DOCUMENTS RELATED TO Natasha Denona Trading Ltd. control over the FACEBOOK

17. In Response to Plaintiff's RFPD No. 14, Defendant produced a July 9, 2019 "Distribution Agreement" between NDMU and Natasha Denona Trading Limited. The Distribution Agreement, as produced, indicates that there are two Exhibits incorporated into the Distribution Agreement, Exhibit A – Products, Price List and Exhibit B – Marketing Plan.

18. According to the Distribution Agreement, NDMU is required to create and provide the Marketing Plan to Natasha Denona Trading Limited.

19. Defendant did not produce Exhibit A and Exhibit B of the Distribution Agreement.

20. On November 27, 2024, two days after receiving NDMU's Responses to Plaintiff's Discovery Requests, Plaintiff's counsel sent, in writing, an email requesting that Defendant provide the missing pages of the Distribution

Agreement.

21. To date, despite being notified that information was missing from the produced documents, Defendant has not supplemented their production to Plaintiff.

22. During a phone call between counsel on December 11, 2024, Defendant's counsel indicated that he has not been able to speak to his Defendant in order to resolve the discovery issues, but that they intend to challenge Plaintiff's motion.

23. Plaintiff has not delayed in moving forward with this motion to compel, but rather, thought the straightforwardness and limited issues would be easily resolved between the Parties.

24. Plaintiff's counsel certifies that she and counsel for Defendant have, in good faith, conferred in an effort to get Defendant to supplement Defendant's Discovery Responses without intervention from this Court. Plaintiff made several attempts to resolve this discovery dispute without filing the instant motion. Plaintiff counsel sent several follow-up emails over the last two weeks requesting clarification or a definitive answer as to whether Defendant was going supplement their discovery based on Plaintiff's November 26th email, but Defendant's counsel indicated that as of this point, they will not be.

I declare under penalty of perjury that the foregoing is true and accurate under the laws of the United States of America.

DATED: December 12, 2024        Respectfully submitted,

**/s/ Taryn R. Murray**
Taryn R. Murray, Esq.
Bar No. 5888896
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne Ave #200
N. Las Vegas, NV 89032
(714) 617-8373
(714) 597-6729 facsimile
tmurray@higbeeassociates.com
*Attorney for Plaintiff*